# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE LUKE A. NICHTER,  ) |  |
| ) |  |
| Petitioner.  ) | Misc. No. 17-01263 (RCL) |
| ) |  |
| ) |  |

## UNOPPOSED MOTION TO UNSEAL, AND TO DISMISS THE PENDING PETITION

For the reasons that follow, Government counsel, with the consent of petitioner, hereby requests that the Court unseal the contents of Miscellaneous File No. 77-73. There are no grand jury records in the file, and no reason why continued secrecy is required. Because petitioner agrees that the unsealing of Miscellaneous File No. 77-73 fully satisfies the petition underlying this action, there is no reason why, upon the granting of this motion to unseal, the pending petition cannot be dismissed.

1. On May 24, 2017, this Court noted several items of correspondence that the Court received from the petitioner, and ordered that the correspondence be construed as a petition to unseal the documents specified in the correspondence. The Court ordered that the correspondence be docketed as part of a new, miscellaneous matter, to be served on the government, and responded to within sixty days.

2. After seeking an initial extension of time to confer with petitioner, the parties have discussed what petitioner seeks from his petition and how the government can be of assistance. Prof. Nichter agrees that access to the contents of Miscellaneous File No. 77-73, sealed by Judge Sirica on May 14, 1973, satisfies his current petition. The government has located the file in question and determined that the sealed portions of the file contain no grand jury materials. The government has also confirmed that the vast

majority of the currently sealed portions of the file has been made public as part of what is known as the Church Committee Report.  *See* https://archive.org/details/Church-Committee-Hearings-Volume2-Huston-Plan.

3.  The sealed portions of Miscellaneous File No. 77-73 consists of a 43-page report and 8 supporting documents submitted by John Wesley Dean III to the court, as well as receipts and transmittal documents.

4.  Whether the court should unseal judicial records and proceedings is a decision "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case" *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978).  This Circuit considers the factors set forth in *United States v. Hubbard,* 650 F.2d 293, 316–17 (D.C.Cir.1980)): (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

5. Here, the *Hubbard* factors favor unsealing.  First, the documents are of historic interest and the petitioner, a historian, seeks their public disclosure.  Second, the documents are already largely available to the public, many of them having been included in the Church Committee Report.  Third, the government consents to the unsealing.  Fourth, the file is from the early 1970's and concerns a matter of historical importance.  To the extent any privacy interests remain in the documents, they will be addressed by the National Archives and Records Administration (NARA) when it performs its ordinary

archival review procedures and opens the records in the ordinary course. NARA would also submit for a declassification review any information in the documents published as part of the Church Committee report that was redacted as classified. Fifth, no prejudice will result from the unsealing. And sixth, the records were originally sealed because of their connection to an ongoing criminal matter that is long closed. Accordingly, the purposes for the original seal no longer apply.

6. With the unsealing of the sealed records within Miscellaneous File 77-73, no issues will remain in dispute. Accordingly, this case can dismissed. A proposed order is attached.

Dated: August 28, 2017  Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General


 *s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 514-5302 / Fax: (202) 616-8460
E-mail: Elizabeth.Shapiro@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and manually sent an electronic copy of this document to the Petitioner.

                                              */s/ Elizabeth J. Shapiro*
                                              Elizabeth J. Shapiro